IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE ROBINSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| ABBOTT LABORATORIES, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, STEPHANIE ROBINSON, states as and for her Complaint against Defendant, ABBOTT LABORATORIES, as follows:

### Nature of Case

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's discriminatory termination of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (hereafter "Title VII"), and 42 U.S.C § 1981.

### Jurisdiction and Venue

2. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1337, 1343. This action is authorized and instituted pursuant to Section 703(a)(1) and 703 (k)(1)(A) of Title VII, Section 102 of the Civil Rights Act of 1991, and 42 U.S.C § 1981a.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's illegal acts complained of herein took place at Defendant's facility located in

Abbott Park, Illinois, Lake County, within the geographical jurisdictional boundaries of this Court.

4.     On or about November 5, 2012, Plaintiff filed a timely charge of illegal discrimination against Defendant in violation of Title VII and the ADA with the local district office of the EEOC.  On January 29, 2013, the EEOC issued its Notice of Right to Sue, a copy of which is attached hereto.  This Complaint is being filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notice.

## The Parties

5.     Plaintiff, STEPHANIE ROBINSON (hereafter "Stephanie"), is an African American individual residing at all relevant times in Lake County, Illinois.

6.     Defendant, ABBOTT LABORATORIES (hereafter "Abbott"), is a domestic corporation registered and licensed to do business in Illinois, and at all times relevant to this action operated a significant business in Abbott Park, Illinois, Lake County.  Abbott, on information and belief, employs in excess of 15 workers.  Abbott is an "employer" within the meaning of the Title VII.

7.     At all relevant times, Abbott has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b),(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## Facts Common to All Counts

8.     Stephanie started her employment with Abbott in June of 2008.

9.     Stephanie's most recent position was Medical Safety Analyst.

10.     At all relevant times, Stephanie's work performance met or exceeded Abbott's

legitimate expectations.

11.     In October of 2012, Abbott terminated Stephanie's employment allegedly because she falsified company documents. Such a reason is pretext to hide Abbott's true discriminatory motive.

12.     Abbott has treated non–African American similarly-situated employees more favorably than Stephanie, and has not terminated their employment after becoming aware of allegations that they committed as serious or more serious malfeasance or nonfeasance

## Count I: Race Discrimination in Violation of Title VII

13.     Stephanie restates and fully incorporates into Count I her allegations set forth in Paragraphs 1 through 12, above.

14.     Title VII makes it illegal for an employer such as Abbott to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race.

15.     Abbott terminated Stephanie's employment because of her race in violation of Title VII.

16.     As a direct and proximate result of Abbott's illegal discriminatory termination of her employment as described above, Stephanie has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

17.      Abbott knew that its discriminatory acts as described above were prohibited by

Title VII, or acted with reckless disregard to that possibility.

## Count II: Race Discrimination in Violation of Section 1981

18.  Stephanie restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 12, above.

19.  Section 1981 makes it lawful to discriminate against any person in the terms and privileges of employment, or to take any adverse action against any person because of his or her race.

20.  Abbott terminated Stephanie's employment because of her race in violation of Title VII.

21.  As a direct and proximate result of Abbott's illegal discriminatory termination of her employment as described above, Stephanie has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

22.  Abbott knew that its discriminatory acts as described above were prohibited by Section 1981, or acted with reckless disregard to that possibility.

## Prayer for Relief Common to all Counts

**Wherefore,** Plaintiff, STEPHANIE ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ABBOTT LABORATORIES, as follows:

A.  Order Abbott to make Stephanie whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

  B. Order Abbott to immediately reinstate Stephanie to her former position or one comparable thereto; or, in the alternative, order Abbott to pay Stephanie an appropriate amount of front pay;

  C. Order Abbott to pay Stephanie compensatory damages in the maximum amount allowable under the law;

  D. Order Abbott to pay Stephanie punitive damages in the maximum amount allowable under the law.

  E. Order Abbott to pay Stephanie's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

  F. Try all issues of fact to a jury; and,

  G. Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, STEPHANIE ROBINSON,

By: /s/ Timothy J. Coffey
Timothy J. Coffey, Esq.
THE COFFEY LAW OFFICE, P.C.
Attorneys for STEPHANIE ROBINSON
351 W. Hubbard Street
Suite 602
Chicago, IL 60654
(312) 627-9700